1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8    TAMMY W.,

9                            Plaintiff,          Case No. C21-5410-SKV

10        v.                                      ORDER AFFIRMING THE
                                                  COMMISSIONER'S DECISION
11   COMMISSIONER OF SOCIAL SECURITY,

12                           Defendant.

13

14        Plaintiff seeks review of the denial of her applications for Supplemental Security Income

15   and Disability Insurance Benefits.  Having considered the ALJ's decision, the administrative

     record ("AR"), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final
16
     decision and **DISMISSES** the case with prejudice.
17

18                                     **BACKGROUND**

19        Plaintiff was born in 1962, has an eighth-grade education, and her previous jobs include

20   call center representative, fuel clerk, and personal shopper.  AR 90-91, 357-58.  Plaintiff was last

     gainfully employed in December 2016.  AR 351-52.
21
          In April 2018, Plaintiff applied for benefits, alleging disability as of December 21, 2016.
22
     AR 304-12.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff
23

requested a hearing.  AR 159-66, 169-76.  After the ALJ conducted hearings in January 2020 and June 2020 (AR 69-108), the ALJ issued a decision finding Plaintiff not disabled.  AR 26-40.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**:  Plaintiff has the following severe impairments: right foot abnormality, status post-hardware repair; cervical, thoracic, and lumbar degenerative disc disease; radiculopathy; asthma; and left carpal tunnel syndrome.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform light work with additional limitations: she can frequently climb.  She can frequently handle and finger with the left (non-dominant) hand.  She can be occasionally exposed to extreme cold, heat, humidity, vibrations, and hazards (such as heights and machinery).  She can be occasionally exposed to fumes, odors, dusts, gases, and poor ventilation.

**Step four**:  Plaintiff can perform her past relevant work as generally performed.

AR 26-40.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 7.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

1  "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104,

2  1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to

3  determine whether the error alters the outcome of the case." *Id*.

4        Substantial evidence is "more than a mere scintilla. It means - and means only - such

5  relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

6  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

7  747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving

8  conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v.*

9  *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record

10  as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

11  Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

12  susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

13  must be upheld. *Id*.

14                                 **DISCUSSION**

15        Plaintiff argues the ALJ erred by discounting her testimony, assessing the medical

16  opinion evidence, and failed to discuss certain lay evidence.[3]  The Commissioner argues the

17  ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be

18  affirmed.

19

20

21  _____

[3] Plaintiff also argues that these errors led to errors in the ALJ's RFC assessment and step-four finding,

22  but these derivative allegations need not be discussed separately. *See* Dkt. 16 at 17-18. Although
Plaintiff correctly notes that the hypothetical that the ALJ posed to the vocational expert did not include

23  all of the limitations in the ALJ's RFC assessment (AR 31, 78-80), the ALJ addressed this discrepancy in
the decision. *See* AR 39 (referencing the job requirements as defined in the Dictionary of Occupational
Titles). Plaintiff has not addressed this portion of the ALJ's decision, nor shown that the ALJ's
explanation is erroneous or otherwise indicates harmful legal error in the ALJ's step-four findings.

1   **A.      The ALJ Did Not Harmfully Err in Assessing Plaintiff's Testimony**

2           The ALJ summarized Plaintiff's testimony and explained that he discounted it because:

3   (1) the objective medical evidence fails to corroborate Plaintiff's allegation of disabling

4   limitations, (2) Plaintiff made inconsistent statements about her conditions, (3) Plaintiff treated

5   her conditions with conservative therapy and experienced some improvement, and (4) Plaintiff's

6   activities (particularly driving) were inconsistent with her alleged limitations.  AR 32-37.

7   Plaintiff contends that the ALJ's reasons are not clear and convincing, as required in the Ninth

8   Circuit.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

9           First, Plaintiff argues that the ALJ's errors with respect to the medical opinion evidence

10  taint the ALJ's assessment of her testimony (Dkt. 16 at 12), but, as explained *infra*, the Court

11  finds no error in the ALJ's assessment of the opinion evidence.  Furthermore, although Plaintiff

12  contends that the ALJ merely summarized the medical evidence without explaining why it

13  undermines her testimony (Dkt. 16 at 12-13), as outlined in the previous paragraph, the ALJ's

14  discussion of the medical evidence does identify several reasons why he found it to be

15  inconsistent with Plaintiff's allegations in some respects.

16          Plaintiff goes on to argue that although the ALJ found that she had made contradictory

17  statements about her conditions, this reasoning did not apply to the extent that her testimony was

18  consistent with the objective evidence.  Dkt. 16 at 13.  This argument does not establish that the

19  ALJ was unreasonable in finding inconsistencies in Plaintiff's statements, nor does it establish

20  that this reason is not supported by substantial evidence.  This line of argument thus does not

21  support Plaintiff's assignment of error, and the Court finds no error in this part of the ALJ's

22  reasoning.  *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (affirming an ALJ's

23  discounting a claimant's allegations due to inconsistent or non-existent reporting of symptoms).

Plaintiff also argues that the ALJ erred in emphasizing that a provider described Plaintiff's reports as out of proportion to the objective findings (Dkt. 16 at 13), but has not shown that the ALJ erred in considering this evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Even if this evidence could not solely support the ALJ's assessment of Plaintiff's testimony, Plaintiff has not shown that it was error for the ALJ to consider it at all.

Plaintiff next argues that the normal findings cited by the ALJ do not necessarily contradict her testimony about her limitations. Dkt. 16 at 13-14. Nonetheless, as explained in the previous paragraph, Plaintiff has not shown that the ALJ erred in considering the extent to which Plaintiff's testimony was corroborated by the objective evidence. Even if that objective evidence is not sufficient in itself to support the ALJ's assessment of Plaintiff's testimony, Plaintiff has not shown that the ALJ erred in considering it. *See Rollins*, 261 F.3d at 857.

Plaintiff also disputes (Dkt. 18 at 7-8) whether the ALJ explicitly cited her conservative treatment as a reason to discount her testimony, but the ALJ's decision reasonably suggests this. *See* AR 33 (describing Plaintiff's right foot condition and finding that it did not "require anything more than conservative treatment"), 34 (indicating that Plaintiff's degenerative disc disease "required only conservative treatment, primarily [] a referral to a primary care provider and patient education with regard to exercise and diet"), 35 (finding that Plaintiff "did not require more than conservative treatment for her back symptoms" and that an examiner recommended that she treat her pain and numbness "with only conservative treatment – such as weight loss, core strengthening, and physical therapy – due to the relatively minor nature of [Plaintiff's]

symptoms"), 35 (finding that Plaintiff's "carpal tunnel syndrome has furthermore required only

conservative treatment, such as [] symptom-relief injections and a wrist brace"), 36 (noting that

Plaintiff's asthma "has required only conservative treatment, primarily [] medications such as

albuterol and dulera and often on an as-needed basis").  Conservative treatment is a clear and

convincing reason to discount a claimant's allegations of disabling conditions.  *See Parra v.*

*Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of 'conservative treatment'

is sufficient to discount a claimant's testimony regarding severity of an impairment").

Plaintiff goes on to dispute whether the ALJ discounted her allegations in light of

improvement with treatment (Dkt. 18 at 8), and again, this reasoning can be found in the ALJ's

decision.  *See* AR 33 (noting Plaintiff's ankle/feet conditions were "improving with physical

therapy", and that she reported a pain injection had helped "98%" and that braces had also

helped)), 35 (citing Plaintiff's report that physical therapy was helpful for pain and numbness,

and that she reported significant pain relief after receiving a steroid injection), 36 (noting

improvement with hand therapy and asthma medication).  Improvement with conservative

treatment is another valid reason to discount a claimant's allegation of disabling limitations.  *See*

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) ("The record reflects that

Tommasetti responded favorably to conservative treatment including physical therapy and the

use of anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a

lumbosacral corset. Such a response to conservative treatment undermines Tommasetti's reports

regarding the disabling nature of his pain.").

Lastly[4], Plaintiff argues that the ALJ erred in relying on her activities to discount her

testimony because none of her activities contradict her allegations or demonstrate the existence

---

[4] Plaintiff's brief also includes a summary of her testimony, but this section of the brief does not advance
her assignment of error in the ALJ's decision.  *See* Dkt. 16 at 14-16.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

1   of transferable work skills.  Dkt. 16 at 14.  The Court agrees that the ALJ failed to identify any

2   particular inconsistency, and did not enter any findings regarding transferable work skills.  *See*

3   AR 36.  Under these circumstances, the ALJ erred in relying on Plaintiff's activities.  *See Orn v.*

4   *Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1)

5   contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

6   This error is harmless, however, in light of the ALJ's other reasons to discount Plaintiff's

7   allegations, namely her inconsistent symptom reports, lack of corroboration in the objective

8   record, and her improvement with conservative treatment.  *See Carmickle v. Comm'r of Social*

9   *Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).  Because Plaintiff has not established any

10  error in the other lines of reasoning, the Court affirms the ALJ's assessment of Plaintiff's

11  testimony.

12      **B.      The ALJ Did Not Err in Assessing Medical Opinion Evidence**

13          Plaintiff argues that the ALJ erred in discounting two opinions and crediting the opinions

14  of State agency consultants.[5]   The Court will address each disputed opinion in turn.

15          *1.      Legal Standards*

16          In assessing Plaintiff's 2018 application for benefits, the ALJ is required to articulate the

17  persuasiveness of each medical opinion, specifically with respect to whether the opinions are

18  supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

19          The Commissioner argues that the regulations promulgated in 2017 changed the legal

20  standards previously articulated by the Ninth Circuit.  *See* Dkt. 17 at 9-12.  Under current Ninth

21  Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an

22

23  _____

[5] Plaintiff's opening brief also includes a lengthy summary of medical evidence that does not address
functional limitations.  Dkt. 16 at 4-10.  This factual summary does not advance Plaintiff's arguments
regarding the ALJ's assessment of opinion evidence.

1    uncontradicted opinion from a treating or examining doctor, and "specific and legitimate"

2    reasons to reject a contradicted opinion from such doctor.  *Lester v. Chater*, 81 F.3d 821, 830–31

3    (9th Cir. 1995).  The Ninth Circuit has not yet addressed the 2017 regulations in relation to its

4    standards for the review of medical opinions.  It is not, in any event, clear that the Court's

5    consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in

6    any significant respect.  The new regulations still require ALJs to explain their reasoning with

7    specific reference to how they considered the supportability and consistency factors, 20 C.F.R.

8    §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate.  *See Thomas S.*

9    *v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11,

10   2020).  The Court must, moreover, continue to consider whether the ALJ's analysis has the

11   support of substantial evidence.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  With these

12   regulations and considerations in mind, the Court proceeds to its analysis of the medical

13   evidence in this case.

14                   2.      *Opinions of Megan Colburn, ARNP, and Brent Packer, M.D.*

15        Ms. Colburn and Dr. Packer both completed DSHS form opinions describing Plaintiff's

16   physical symptoms and limitations, in May and June 2018, respectively.  AR 1023-29, 1090-92.

17   Ms. Colburn's opinion was based on an examination, and Dr. Packer's opinion was based on a

18   review of records.  AR 1031-38, 1090-92.  They both described Plaintiff as unable to meet the

19   demands of sedentary work.  *Id*.

20        The ALJ found both opinions to be unpersuasive because they were unsupported by and

21   inconsistent with Ms. Colburn's examination findings, which included many normal findings, as

22   well as the activities that Plaintiff reported to Ms. Colburn.  AR 38.  The ALJ also found the

23   opinions to be inconsistent with other evidence in the record, which included many normal

findings and showed improvement with conservative treatment.  *Id.*  The ALJ also found the opinions to be inconsistent with Plaintiff's activities, such as household chores, shopping for food and preparing meals, and driving.  AR 38-39.  Lastly, the ALJ noted that neither Ms. Colburn nor Dr. Packer had access to the longitudinal record before rendering their opinions.  AR 39.

Plaintiff contends that in discounting these opinions, the ALJ was acting as his own medical expert.  Dkt. 16 at 3.  This argument is inconsistent with Ninth Circuit cases permitting an ALJ to consider whether a medical opinion is supported by clinical findings and/or consistent with other medical evidence in the record.  *See, e.g.*, *Tommasetti*, 533 F.3d at 1041 (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record); *Rollins*, 261 F.3d at 856 (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

Plaintiff also argues that Ms. Colburn's clinical findings sufficiently support her conclusions, although she does not identify any particular findings that show that Plaintiff's limitations are so severe that she cannot perform sedentary work.  Dkt. 16 at 3.  Plaintiff points to her reports of pain and the range-of-motion limitations documented by Ms. Colburn (Dkt. 16 at 2-3), but has not shown that this is the only reasonable interpretation of that evidence.  The ALJ cited Ms. Colburn's findings of intact sensation and normal gait and station, while also acknowledging the range-of-motion findings, and reasonably found that these indications of normal functioning, along with Plaintiff's own reports of activities inconsistent with a limitation to less than sedentary work, undermined Ms. Colburn's opinion.  AR 38.  This is a proper finding within the province of the ALJ, and Plaintiff has not established error in this reasoning.  *See Tommasetti*, 533 F.3d at 1041; *Rollins*, 261 F.3d at 856.  Although Plaintiff suggests that she

may have performed her activities in a manner consistent with Ms. Colburn's conclusions (Dkt. 16 at 3), this is not the only reasonable interpretation of the evidence.  Plaintiff has therefore not shown that the ALJ erred in discounting the opinions on this basis.  *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Next, Plaintiff argues that the normal examination findings cited by the ALJ do not actually contradict the opinions of Ms. Colburn and Dr. Packer (Dkt. 16 at 3-4), but this is, again, not the only reasonable interpretation of the evidence.  For example, Ms. Colburn opined that Plaintiff's pain caused marked limitations in her ability to sit, stand, and walk, and that she could not perform those activities in a manner consistent with sedentary work, but the ALJ reasonably contrasted that opinion with the evidence showing that Plaintiff had normal coordination, normal sensation, and normal gait, as well as the evidence that Plaintiff's pain improved with treatment. AR 38.  Although Plaintiff suggests that the ALJ erred in discounting the opinions of Ms. Colburn and Dr. Packer due to their lack of access to Plaintiff's longitudinal record because the record does not contradict their opinions (Dkt. 16 at 4), the ALJ cited substantial evidence (*e.g.*, AR  891, 896, 902, 914, 1289, 1318, 1333, 1375, 1381, 1451, 1453, 1500, 1512) that he reasonably found inconsistent with the opinions.  The ALJ did not err in relying on that evidence as a reason to discount the opinions.  *See Tommasetti*, 533 F.3d at 1041.

Because the ALJ provided multiple specific and legitimate reasons to find the opinions of Ms. Colburn and Dr. Packer unsupported and inconsistent, the ALJ did not err in discounting these opinions.

3.     *State Agency Opinions*

The ALJ found the opinions of State agency medical consultants to be persuasive because

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 10

they were supported by and consistent with the objective medical evidence.  AR 37-38.  Plaintiff argues that the ALJ erred in crediting these opinions because the consultants did not have the opportunity to review evidence from later in the adjudicated period and, therefore, they could not account for her worsening condition or her hearing testimony.  Dkt. 16 at 11.  But the ALJ explicitly considered the State agency opinions in the context of the longitudinal record and Plaintiff's hearing testimony (AR 37-38), which undercuts Plaintiff's argument.  For example, Plaintiff suggests that the State agency opinions were flawed in that they did not account for her carpal tunnel-related limitations that were documented in evidence post-dating the State agency review (Dkt. 16 at 11), but Plaintiff ignores that the ALJ included handling and fingering limitations in the RFC assessment that were not referenced in the State agency opinions.  *Compare* AR 31 *with* AR 129, 143.  Thus, the ALJ found Plaintiff to be more limited than the State agency opinions, presumably based on evidence post-dating the consultants' review.  Plaintiff has not established error in the ALJ's assessment of the State agency opinions based on the timing of the State agency opinions.

Plaintiff also argues that none of the evidence cited by the ALJ proves that she can work (Dkt. 16 at 11), but the ALJ did not claim that it did.  Instead, the ALJ cited objective evidence as either supporting or consistent with the limitations described by the State agency consultants, and Plaintiff has not shown that this was not a reasonable interpretation.  The Court declines Plaintiff's invitation to reweigh the medical evidence in the manner she requests, and finds that Plaintiff has failed to meet her burden to show harmful legal error in the ALJ's assessment of the State agency opinions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

### C.     The ALJ Did Not Harmfully Err in Failing to Discuss Lay Observations

The ALJ did not discuss the observations of agency personnel, as recorded after a meeting with Plaintiff.  *See* AR 389 (describing Plaintiff's behavior indicating pain with sitting, standing, and walking).  Any error in failing to explicitly discuss this evidence is harmless because the ALJ provided legally sufficient reasons to discount Plaintiff's similar allegations, as discussed *supra*, which apply with equal force to these lay observations.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).  Plaintiff herself does not dispute that the lay statement is similar to her own testimony (Dkt. 18 at 10), which undermines Plaintiff's assertion of harmful legal error in the ALJ's decision with respect to the lay statement.

### CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 9th day of February, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 12